JOHN K. MILLER *&. al. versus* CHARLES MILLER.

When a·creditor calls in question a conveyance made by his debtor upon the ground of fraud, in an action between him and the grantee, the demand of the creditor must be subject to examination, in order to see whether he has a right, as such, to question the validity of the conveyance. And if a judgment has been obtained by him, still, as between him and the grantee, who is no party to it, it will not be regarded as precluding the latter from an examination of the grounds of it. The grantee may be allowed to show that it was obtained by fraud, or that the cause of action accrued under circumstances, which would not give the creditor a right to impeach the conveyance. .

Where one party claimed under the extent of an execution, and the other under a deed of the same premises from the judgment debtor, and one item in the account which formed part of the foundation of the judgment of the execution creditor was subsequent to the deed, and a credit of larger amount was also subsequent, and neither party had made an appropriation of the payment, the Court held, that it cannot adopt its own notion of what may be equitable in each particular case, even to enable a creditor to contest a conveyance alleged to be fraudulent as to prior creditors, but must apply the payment according to the general rules of law, in extinguishment of the oldest item, instead of the most recent.

THIS was a writ of entry. Both parties claimed under Christopher Benner; the demandants under a levy of an execution in their favor against him upon the premises, Feb. 24, 1841; and the tenant under a deed dated July 10, 1838, and recorded on the sixteenth of the same month. To avoid the effect of the prior deed to the tenant, the demandants undertook to show that the deed was fraudulent against them as creditors of Benner. At the trial before TENNEY J. it appeared .that the plaintiffs' action against Benner was founded upon a note and an account, and that all was prior to the deed of the tenant, with the exception of one item in the account of $2,61, which was under date of Nov. 10, 1838. There was a credit, bearing date Oct. 21, 1839, of $3,00.

The counsel for the tenant insisted, that the demandants were not at liberty to impeach the title of the tenant. The presiding Judge, for the purposes of the trial, ruled that they might do so; and the report of the trial ˈstates, that evidence was adduced by the demandants in order to show, "ˌthat the

deed was fraudulent, and by the tenant to show that it was a fair transaction, free from fraud."

The jury returned a verdict for the demandants, which was to be set aside and a new trial granted, "if the ruling that the demandants were at liberty, as the case then stood, to contest the validity of the tenant's title on the ground of fraud, was erroneous."

There were several other questions raised at the trial and in the argument.

*M. H. Smith,* for the tenant, insisted that as a part of the demand sued, was subsequent to the deed to the tenant, and both were blended together in the judgment, that the demandants were not entitled to be considered as prior creditors. *Reed* v. *Woodman,* 4 Greenl. 400; *Usher* v. *Hazeltine,* 5 Greenl. 471.

*Bulfinch & Kennedy,* for the demandants, contended that the objection made for the tenant did not apply in this case, because the credit was greater than the item in the account subsequent to the deed. Here the debtor had made no appropriation of the payment, and the creditor may apply it as he pleases, to the payment of that item. If the creditor cannot now apply it, the law will do it according to the justice and equity of the case. *Seymour* v. *Van Slyck,* 8 Wend. 403. The appropriation of the payment should be so made by the Court, as to prevent the commission of a fraud with impunity. The jury have found that the deed was fraudulent.

*I. G. Reed* replied for the tenant.

The opinion of the Court was by

WHITMAN C. J. — Where a creditor calls in question a conveyance made by his debtor, upon the ground of fraud, in an action between him and the grantee, the demand of the creditor must be subject to examination, in order to see whether he has a right, as such, to question the validity of the conveyance. If judgment has been obtained by him, still, as between him and the grantee, who is no party to it, it will not be regarded as precluding the latter from an examination of the grounds of

it. The grantee may be allowed to show, that it was obtained by fraud, or that the cause of action accrued under circumstances, which would not give the creditor a right to impeach the conveyance. For this purpose the defendant, the grantee in this case, calls upon the plaintiff, the creditor, to show that his debt accrued before the purchase by the defendant. And this he has a right to do, unless the conveyance were merely colorable, so that the beneficial interest was not intended to pass to the grantee, or unless the object should appear to be to defraud future as well as prior creditors. The plaintiffs' claim appears to have consisted of a demand arising on an account, and by note, the whole of which accrued before the conveyance, with the exception of one item in the account; and there being a credit in the account more than sufficient to balance that item, it is contended that that item may be considered as paid. *Seymour & al.* v. *Van Slyck,* 8 Wend. 403, is cited in support of the position. In the case at bar there does not appear to have been any appropriation of the payment by either party. In such case the Court may make the appropriation; but, in doing so we must be governed by general, and as far as may be practicable, by established principles. In the case cited it is laid down, that in the absence of appropriation expressly or impliedly made by the parties, the rule is to apply payments in extinguishment of the oldest debt. And this, as a general rule in such cases, must be deemed to be reasonable, and in accordance with the presumed intention of the parties, and should be adhered to. The Court cannot be at liberty to adopt its own notion of what may be equitable in each particular case. The credit, then, in this case must be applied to extinguish the earlier items in the account, which will leave the last item uncancelled, and according to the cases of *Reed* v. *Woodman,* 4 Greenl. 400, and *Usher* v. *Hazeltine,* 5 ib. 471, this must prevent the plaintiff from setting up the statute of frauds against the defendant.

The verdict therefore must be set aside and a new trial be granted.