ESTY *v.* LONG.

A person who is made a nominal creditor for the purpose of defeating a prior conveyance from the debtor to a *bonâ fide* creditor, which conveyance is absolute on its face, but was in fact made to secure a debt, cannot on that ground defeat the conveyance.

WRIT OF ENTRY. The case was referred to a commissioner who reported the following facts : April 30, 1845, Britton, one of the defendants, who then owned the demanded premises, mortgaged them to the Provident Institution for Savings, to secure his note for $450. April 14, 1851, the equity of redemption was sold on execution to one Allen, for $90. September 27, 1851, Britton conveyed the premises, with other lands, to the plaintiff and one Williams, by deed of quitclaim. The consideration stated in the deed was $600, but the conveyance was really made to secure the payment of certain sums of money which the plaintiff and Williams had advanced, or were about to advance, to pay certain debts of Britton, and to indemnify them against loss, as sureties for Britton in a recognizance. The plaintiff and Williams took possession of the premises. October 5, 1851, Allen conveyed his interest in the premises to the plaintiff and Williams, for $95, paid by them at the request of Britton, and for his benefit. No part of that sum has ever been paid to them by Britton. May 14, 1852, the Provident Institution for Savings sold and assigned their note and mortgage to the plaintiff, for the benefit of himself and Williams, for $204.50, the amount then due on the note. The mortgage has not been foreclosed, nor the mortgage debt paid. Since September 27, 1851, there has been no settlement between Britton, and the plaintiff and Williams.

October 19, 1855, the defendant, Long, who was a brother-in-law of Britton, conveyed a tract of land to Britton, for $1,200, and, in payment, received Britton's note for

that sum, secured by a mortgage from Britton, of the land so conveyed. On the 23d of the same October, Long commenced an action against Britton, upon the $1,200 note, and on the 25th of the same month caused the demanded premises to be attached by one Rust, a deputy sheriff, and, on the same day, Rust made a demand in writing, on the plaintiff and Williams and each of them, for an account under oath of the amount due them and each of them, secured by mortgage or otherwise, on the demanded premises, which account they neglected to render. Long recovered judgment against Britton, and the demanded premises were set off to him on execution.

The $1,200 note was given by Britton to Long, to enable Long to attach the demanded premises, and to avoid Britton's deed to the plaintiff and Williams. Long was informed of Britton's intentions before making the conveyance and receiving the note, and the note was received, and the sale, attachment and levy were made by Long, at Britton's request, and to aid Britton in avoiding his deed to the plaintiff and Williams.

*Wheeler & Faulkner*, for the plaintiff.

*Cushing* and *Vose*, for the defendants.

DOE, J. The plaintiff has a good title by deed and mortgage as against Britton; but Long claims that he is a creditor of Britton, and that, as to him, the deed is fraudulent in law as containing a secret trust, and the mortgage void by reason of the neglect to render an account. The plaintiff's claim under the deed from Britton and the assignment of the mortgage, is entirely meritorious and honest; Long's claim was created for the sole and express purpose of defeating the plaintiff's equitable rights. The conveyance from Long to Britton, and the note and mortgage from Britton to Long were mere pre-

tences, and parts of a fraudulent contrivance to enable Britton, indirectly, through Long as an agent, and in his name, to avoid a deed which he could not avoid directly in his own name. The law by which the defendants seek to make void the plaintiff's deed, is a law to secure a debtor's property to his creditors, not to himself. The defendants would make a rule of law which is stringent only in favor of creditors against the concealment of property by debtors, operate rigorously to take away from creditors property already secured to them, and put it in Long's hands to be fraudulently concealed. They ask a court of justice to uphold an actual fraud at the expense of a technical and constructive one,—to annul a deed fraudulent only in law, and to ratify a conspiracy fraudulent in fact.

To enable Long to set aside the deed of Britton to the plaintiff and Williams as fraudulent against creditors, it is necessary for him to show that he is a creditor. Where a creditor calls in question a conveyance made by his debtor, upon the ground of fraud, in an action between him and the grantee, the demand of the creditor must be subject to examination in order to see whether he has a right, as such, to question the validity of the conveyance. If a judgment has been obtained by him, still, as between him and the grantee who is no party to it, it will not be regarded as precluding the latter from an examination of the ground of it. The grantee may be allowed to show that it was obtained by fraud, or that the cause of action accrued under circumstances which would not give the creditor a right to impeach the conveyance. *Miller* v. *Miller*, 23 Me. 22; *Alexander* v. *Gould*, 1 Mass. 165; *Upton* v. *Bassett*, Cro. Eliz. 444; *Doe* v. *James*, 16 East 212. Long is not a creditor of Britton, so far as the rights of *bonâ fide* creditors and grantees of Britton are concerned, and he cannot dispute the plaintiff's title.

*Judgment for the plaintiff.*